UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

Jean Bernier, 29463-054,

                                        Plaintiff,

          v.

Koenigsmann et al.,

                                    Defendants.

_____

**Decision and Order**
**and**
**Report and Recommendation**

15-CV-209A

## I. INTRODUCTION AND BACKGROUND

Plaintiff Jean Bernier ("Bernier")[1] has accused a number of corrections officers and medical providers across four different prisons of retaliating against his grievances, denying him due process in disciplinary hearings, and refusing him various medical treatments for Hepatitis C. In his complaint filed on March 6, 2015 (Dkt. No. 1), Bernier claims multiple violations of his federal constitutional rights by way of 42 U.S.C. § 1983, including violations of due process and deliberate indifference to medical needs.

The parties currently have several motions pending. Some of the defendants have filed motions to sever accusations against them (Dkt. Nos. 16, 39, 41) because they work at prisons located in the Northern District of New York and because the accusations against them occurred

---

[1] Bernier began this case under the name Charles Watson. Bernier requested and received permission to change his name in the caption. (Dkt. Nos. 15, 17, 21, 22.) The proposed amended complaint (Dkt. No. 20) nonetheless reverted to "Charles Watson" as the plaintiff. Bernier has stated that "Jean-Gabriel Bernier" is his birth name (Dkt. No. 28 at 2), but the Court has no confirmation of that assertion, and the record otherwise is not clear as to the origin of the name "Charles Watson." In any event, the Court notes Bernier's name change only for the sake of the record; it does not appear to have any impact on the issues that the parties have presented.

there and should be transferred there. Bernier opposes severance and transfer based on chronology: His transfers from one prison to another led to disruptions in medical and administrative arrangements established at the prior prison, which in turn spawned the alleged violations. Bernier has filed motions for leave to amend his complaint (Dkt. Nos. 25, 28) to add factual details that allegedly occurred after the commencement of this case. Contained within the parties' motion papers is what the Court will consider an additional motion from defendants to revoke Bernier's *in forma pauperis* ("IFP") status. (Dkt. No. 29 at 5.) The Court (Curtin, *J.*) granted Bernier IFP status on May 21, 2015. (Dkt. No. 5 at 6.) Defendants now seek revocation on the basis that Bernier received dispositions in three prior cases that constitute "strikes" under 28 U.S.C. § 1915(g). Bernier acknowledges the prior cases and their dispositions. In opposition to revocation, Bernier instead takes two steps. First, with respect to one of his prior cases, Bernier raises the following legal question: Suppose that a court screens a prisoner complaint, lets at least some part of it survive, and grants IFP status. Suppose later that some portion of the surviving claims are transferred to another district, which then dismisses the transferred portion for failure to state a claim. Should the dismissal of the transferred, previously screened portion of the complaint count as a strike under Section 1915(g)? (*See* Dkt. No. 34 at 3–4.) Alternatively, Bernier asserts that the denial of the treatment that he seeks for Hepatitis C places him in imminent danger and allows him to maintain his case here, even if he has three strikes. (*Id.* at 5.)

The Hon. Richard J. Arcara has referred this case to this Court under 28 U.S.C. § 636(b). (Dkt. No. 37.) The Court has deemed all of the pending motions submitted on papers under Rule 78(b) the Federal Rules of Civil Procedure ("FRCP"). For the reasons below, the Court grants

defendants' non-dispositive motions in part to sever the majority of Bernier's claims and to

transfer them to the United States District Court for the Northern District of New York.  The

Court then recommends[2] granting defendants' motion to revoke Bernier's IFP status for the claims

that will remain in this District.

## II.   DISCUSSION

### A.  Severance and Transfer

The Court will begin with defendants' motions for severance and transfer since, as will

become apparent below, they will affect defendants' motion to revoke Bernier's IFP status.

Motions for severance and transfer are non-dispositive.  *See Romano v. Levitt*, No. 15CV518A, 2017

WL 193502, at *4 (W.D.N.Y. Jan. 18, 2017) (citations omitted); *Grand River Enter. Six Nations, Ltd.

v. Pryor*, No. 02 CIV. 5068 JFK DFE, 2008 WL 3166657, at *1 (S.D.N.Y. Aug. 4, 2008) (citations

omitted).

FRCP 21 and 28 U.S.C. § 1404(a) allow courts to sever claims and to transfer actions if

doing so serves the interests of justice and convenience.  *See* FRCP 21 ("Misjoinder of parties is not

a ground for dismissing an action.  On motion or on its own, the court may at any time, on just

terms, add or drop a party.  The court may also sever any claim against a party."); 28 U.S.C.

§ 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court

may transfer any civil action to any other district or division where it might have been brought or

---

[2] The Second Circuit appears not to have addressed whether a revocation of IFP status counts as a dispositive order.  Other Courts of Appeals that have addressed the issue regard either a denial or a revocation of IFP status as dispositive.  *See Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished decision); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001); *Tripati v. Rison*, 847 F.2d 548, 548 (9th Cir. 1988).  In an abundance of caution, therefore, the Court has prepared its analysis as a Report and Recommendation.

to any district or division to which all parties have consented."). "The decision whether to sever a party or claim from an action is within the broad discretion of the district court. In deciding whether severance is appropriate, courts generally consider: (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the severable issues require the testimony of different witnesses and different documentary proof; (3) whether the party opposing the severance will be prejudiced if it is granted; and (4) whether the party requesting the severance will be prejudiced if it is not granted . . . . For venue purposes, public officials reside in the district in which they perform their official duties." *Reid v. Nuttall*, No. 08-CV-0870A(SR), 2010 WL 2025477, at *10 (W.D.N.Y. Mar. 11, 2010), *report and recommendation adopted*, No. 08-CV-870A, 2010 WL 2025458 (W.D.N.Y. May 20, 2010) (internal quotation marks and citations omitted). "Severance requires the presence of only one of these conditions." *Lewis v. Triborough Bridge & Tunnel Auth.*, No. 97 CIV. 0607 (PKL), 2000 WL 423517, at *2 (S.D.N.Y. Apr. 19, 2000) (citations omitted). "The burden lies with the moving party to demonstrate that severance is needed to avoid prejudice or confusion and to promote the ends of justice." *Bey v. City of New York*, No. 99 CIV 3873(LMM), 2009 WL 1911742, at *1 (S.D.N.Y. June 30, 2009) (citing *Lewis*).

Here, the Court agrees with defendants that severance and transfer are necessary. Bernier's complaint alleges retaliation and due process violations against two defendants who worked at the Elmira Correctional Facility ("Elmira") in this District: the defendants who are captioned as Hearing Officer Lepkowski and ORC Sweet. (Dkt. No. 1 at 3–5.) Whatever improper conduct might have occurred at Elmira has nothing to do with other due process violations that allegedly occurred at a disciplinary hearing at the Cayuga Correctional Facility ("Cayuga"), located in the

Northern District of New York. (Dkt. No. 1 at 5–7.) The only apparent connection between Elmira and Cayuga is that, according to Bernier, a certain single cell order that had been written at Elmira was not continued at Cayuga. The decision not to continue the order, though, would have occurred at Cayuga, not Elmira. The Elmira order in itself does not affect the events, witnesses, and evidence that lie exclusively at Cayuga. *See, e.g., Giraldi v. Bd. of Parole*, No. 03 CIV.6552 DAB AJP, 2004 WL 1059513, at *1 (S.D.N.Y. May 12, 2004) (collecting cases that ordered transfer based on the location of witnesses and evidence). Separately, Bernier alleges in his deliberate-indifference claim that a treatment regimen started during his time at the Southport Correctional Facility ("Southport") in this District was discontinued, without explanation, upon transfer to the Auburn Correctional Facility ("Auburn") in the Northern District. (Dkt. No. 1 at 7–8.) Bernier indirectly concedes that his deliberate-indifference claim lies exclusively at Auburn; the deliberate-indifference claim in his proposed amended complaint carries the main heading, "Auburn C.F." (Dkt. No. 20 at 12.) Whether Auburn followed appropriate treatment regimens has nothing to do with retaliation and due process at Elmira; Auburn would have made its own independent decision not to follow those regimens. *Cf., e.g., Pettus v. Wright*, No. 04-CV-6203L, 2007 WL 148755, at *3 (W.D.N.Y. Jan. 11, 2007) (denying leave to amend to add unrelated claims about conditions of confinement to existing claims about deliberate indifference). Any retaliation that Bernier wants to allege that he suffered at Auburn also would be limited to that location. (Dkt. No. 1 at 9–10.) The independent nature of the decisions made at Cayuga and Auburn would not change with Bernier's attempt, in his proposed amended complaint, to add Southport and its officials as an intermediate prison transfer that links all of the prisons chronologically.

5

Accordingly, the Court grants defendants' motions for severance and transfer in part to transfer to the Northern District of New York the following portions of Bernier's complaint: paragraphs 29 through 58; paragraphs 61 through 66; and all of the relief requests except those portions of requests D and E that refer to defendants Sweet and Lepkowski. To the extent that defendants seek extensions of pretrial deadlines (*see, e.g.*, Dkt. No. 39-1 at 9) or other relief, the Court denies the motions without prejudice to renew as needed in the Northern District. The Court also denies Bernier's motions to amend without prejudice to renew in the Northern District if he sees a need to do so.

### B. *Motion to Revoke Bernier's IFP Status for Remaining Claims*

The Court next will address defendants' motion to revoke Bernier's IFP status. With severance and transfer having been granted above, the Court will assess the motion only for the Elmira claims that will remain in this District. *See Guillory v. Boll*, No. 9:12-CV-1771 FJS/DEP, 2014 WL 4715872, at *3 (N.D.N.Y. Sept. 22, 2014) (assessing IFP status for the portions of a complaint that remained after transfer); *see also Pettus v. Oakes*, No. 09-CV-6263CJS, 2009 WL 2392025, at *2 (W.D.N.Y. Aug. 3, 2009) (discussing the relationship between severance and transfer and IFP status).

Section 1915 of Title 28 contains a provision that removes the benefits of IFP status from prisoners who repeatedly file cases that do not survive initial screenings on the merits. "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on

the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). When defendants challenge a prisoner's IFP status, they bear an initial burden of producing sufficient documentation—docket entries, copies of decisions, or other records—to confirm that the prisoner has filed at least three prior cases that meet the criteria in Section 1915(g). *See Green v. Morse*, No. 00-CV-6533-CJS, 2006 WL 2128609, at *3 (W.D.N.Y. May 26, 2006) (citing *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005)). "Once the defendants have met this initial burden, the burden then shifts to the prisoner, who must attempt to rebut the defendants' showing by explaining why a prior dismissal should not count as a strike." *Andrews*, 398 F.3d at 1120. Courts can apply the three-strike provision retroactively. *See McFadden v. Parpan*, 16 F. Supp. 2d 246, 247 (E.D.N.Y. 1998). Prisoners who cannot make a sufficient rebuttal can keep their IFP status only if they make a sufficient showing of imminent danger of serious physical injury.

Here, defendants have brought several of Bernier's prior cases to the Court's attention. In *Watson v. Carver-Jordan*, No. 11 CIV. 2415 WHP, 2011 WL 6202899 (S.D.N.Y. Dec. 13, 2011), Bernier had a retaliatory transfer claim dismissed with prejudice under FRCP 12(c), which uses the same standard for legal insufficiency as FRCP 12(b)(6). Bernier objects that this case should not count as a strike because, prior to transfer to the Southern District of New York, it had been one claim in a different case that he had filed in this District. [3] The Court disagrees. The whole point

---

[3] For the sake of the record, the retaliatory transfer claim in *Carver-Jordan* was severed from *Bernier v. Moffit*, Case No. 08-CV-960 (W.D.N.Y.). *Moffit* went to trial on one claim of deliberate indifference to Bernier's Hepatitis C symptoms at Lakeview Shock Incarceration Correctional Facility in this District. The jury

of severance and transfer is to identify claims that were improperly lumped together with unrelated claims that should have been brought in their own separate cases in the first place. *See Spencer, White & Prentis Inc. of Connecticut v. Pfizer Inc.*, 498 F.2d 358, 361 (2d Cir. 1974) (recognizing that "a claim or counterclaim properly severed from another by virtue of Rule 21 may be . . . proceeded with separately") (ellipsis in original) (internal quotation marks and citations omitted); *see also* 9A Charles Alan Wright et al., Fed. Prac. & Proc. Civ. § 2387 (3d ed. and 2016 Supp.) ("[S]evered claims become entirely independent actions to be tried, and judgment entered thereon, independently."). Bernier might protest that his experience with the severance and transfer of the claim to the Southern District left him with a "bad taste" (Dkt. No. 34 at 4), but he cannot relitigate a decision over five years ago to transfer from a different proceeding. The transfer to the Southern District happened, his accusations of retaliatory transfer against corrections officers in the Southern District became a distinct "action" for purposes of Section 1915(g), and that action was dismissed in its entirety. Finding otherwise would encourage prisoners to file omnibus lawsuits in the district where part of the case is most likely to survive, since any subsequent transfers and dismissals would carry no penalty. *See, e.g., Tafari v. Hues*, 539 F. Supp. 2d 694, 702 (S.D.N.Y. 2008) (recognizing that Section 1915(g) serves "the purpose of deterring frivolous litigation"). The Court thus will count *Carver-Jordan* as a strike.

Next, the Court will consider the appeal that Bernier filed in *Carver-Jordan*. Bernier appealed the dismissal of his retaliatory transfer claim in the Southern District. On July 5, 2012,

---

found for Bernier on October 24, 2016 and awarded $12,500 in compensatory damages. (Case No. 08-CV-960, Dkt. No. 347.) Bernier has made no showing that his success on a medical-indifference claim against one defendant at one facility in this District somehow offsets or nullifies his inability to state a cognizable claim of retaliation against a different defendant at a different facility in a different district.

the Second Circuit dismissed the appeal because it lacked an arguable basis in law or fact. (Dkt. No. 29-1 at 13.) "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A dismissal of an appeal as frivolous counts as its own strike. *See Chavis v. Chappius*, 618 F.3d 162, 168 (2d Cir. 2010). Therefore, Bernier's appeal in *Carver-Jordan* counts as a second strike.

In a similar way, the Court will consider an appeal that Bernier filed in a case from the Northern District of New York. In *Watson v. Wright*, No. 9:08-CV-62 NAM/ATB, 2011 WL 4528931 (N.D.N.Y. Sept. 28, 2011), the court granted summary judgment to the defendants on a claim of deliberate indifference to Bernier's medical needs pertaining to Hepatitis C. Bernier appealed, but the Second Circuit dismissed the appeal because it lacked an arguable basis in law or fact. (Dkt. No. 29-1 at 15.) For the same reasons discussed in the preceding paragraph, this unsuccessful appeal will count as a third strike.

Since Bernier does have three strikes against him under Section 1915(g), the Court would have to recommend IFP revocation unless Bernier qualified for the imminent-danger exception. "An imminent danger is not one that has dissipated by the time a complaint is filed; rather it must be one existing at the time the complaint is filed. But, although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question . . . ." *Chavis v. Chappius*, 618 F.3d 162, 169 (2d Cir. 2010) (internal quotation and editorial marks and citations omitted). Although courts assessing imminent danger should not make an overly detailed inquiry,

9

they are allowed to look at information outside the four corners of a complaint. *See Abreu v. Lira*, No. 9:12-CV-1385 NAM/DEP, 2014 WL 4966911, at *2 (N.D.N.Y. Sept. 30, 2014).

Here, Bernier has placed no information about serious physical injury or imminence within his Elmira claims. Bernier possibly can preserve his IFP status in the Northern District based on his deliberate-indifference claim, *see Ibrahim v. D.C.*, 463 F.3d 3, 6–7 (D.C. Cir. 2006) (citations omitted); *Green v. Venettozzi*, No. 14-CV-1215 (BKS/CFH), 2016 WL 6902545, at *3 (N.D.N.Y. Oct. 31, 2016) (collecting cases and noting that "Courts in this Circuit and others have held that claims of denial of healthcare to an inmate suffering from a chronic disease, such as diabetes, satisfy the imminent danger exception."), *report and recommendation adopted*, No. 914CV1215BKSCFH, 2016 WL 6902180 (N.D.N.Y. Nov. 23, 2016), but the Northern District will make that determination. With the Elmira claims ineligible for the imminent-danger exception, the Court recommends revoking Bernier's IFP status for what will remain of this case in this District. The Court recommends further that Bernier have 60 days to pay the filing fee for this case or his complaint will be dismissed without further order of the Court. *See Flemming v. Santamore*, No. 915CV00457MADATB, 2016 WL 3221844, at *3 (N.D.N.Y. June 10, 2016) (60 days to pay filing fee to avoid dismissal without further order); *Partee v. Connolly*, No. 08 CIV. 4007 (NRB), 2009 WL 1788375, at *4 (S.D.N.Y. June 23, 2009) (dismissal without prejudice to reinstatement if plaintiff paid the required filing fee within 60 days).

## III.   CONCLUSION

For all of the foregoing reasons, the Court grants defendants' motions (Dkt. Nos. 16, 39, 41) in part to sever the following portions of Bernier's complaint and to transfer those portions to

the Northern District of New York: paragraphs 29 through 58; paragraphs 61 through 66; and all of the relief requests except those portions of requests D and E that refer to defendants Sweet and Lepkowski. The Court denies those motions in all other respects but without prejudice. The Court also denies Bernier's motions to amend (Dkt. Nos. 25, 28) without prejudice to renew in the Northern District.

For the claims in Bernier's complaint that will remain in this District, the Court respectfully recommends granting defendants' motion (Dkt. No. 29 at 5) to revoke Bernier's IFP status. The Court recommends further that Bernier have 60 days to pay the filing fee for this case or his complaint will be dismissed without further order of the Court.

## IV. OBJECTIONS

A copy of this combined Decision and Order / Report and Recommendation will be sent, on the date below, to counsel for defendants by electronic filing on the date below; the Court will mail on the date below a hard copy of this writing to Bernier, via first-class mail. Any objections to the dispositive recommendations must be electronically filed with the Clerk of the Court within 14 days. *See* 28 U.S.C. § 636(b)(1); FRCP 72. "As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) (citations omitted).

SO ORDERED.

__/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: February 15, 2017